# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

BEVERLYN D. FIOLA-ESQUILIN, et al.,

Plaintiffs,

v.

Civil No. 15-1912 (GAG)

FEDERAL DEPOSIT INSURANCE CORPORATION, *as receiver for Doral Bank*,

Defendant.

## OPINION AND ORDER

Presently before the Court is the defendant Federal Deposit Insurance Corporation's motion for summary judgment for lack of subject-matter jurisdiction on the third-party complaint filed by plaintiff Beverlyn D. Fiola-Esquilin. (Docket No. 10). The FDIC's motion is unopposed. Upon review, the FDIC's motion for summary judgment is **GRANTED**.

### I. Relevant Factual and Procedural Background

Fiola-Esquilin filed a third-party general unsecured claim against Doral Bank in state court in August, 2014. (Docket No. 17-1). While the action was still pending, the Commissioner of Financial Institutions of the Commonwealth of Puerto Rico closed Doral and the FDIC was appointed as Doral's receiver on February 27, 2015. Id. Subsequently, the FDIC published notice to all of Doral's creditors that the bank had been placed in receivership with the FDIC, and advised that any claims related to Doral liability must be asserted against the FDIC by June 4, 2015. (Docket No. 10-1 at ¶1). On that day, Fiola-Esquilin filed a claim with the FDIC. Id. at ¶2. Nevertheless, on July 10, the FDIC disallowed the claim and notified Fiola-Esquilin.

**Civil No. 15-1912 (GAG)**

(Docket No. 10-3). According to the Notice of Disallowance of Claim, Fiola-Esquilin failed to respond a request for additional information or provide any documentation to support the claim. Id.

The FDIC removed the case to the District Court of Puerto Rico on July 9, 2015 under the Financial Institutions Reform, Recovery and Enforcement Act of 1989 ("FIRREA"), 12 U.S.C. § 1819(b)(2)(B). (Docket No. 1). More than seven months later, the FDIC filed an informative motion stating that Fiola-Esquilin had failed to take any actions to continue the claim or seek administrative review within sixty days of the Notice of Disallowance, thus depriving the Court of subject-matter jurisdiction under FIRREA. (Docket No. 8). For that reason, the FDIC filed a motion for summary judgment for lack of subject-matter jurisdiction on March 22, 2016. (Docket No. 10). The Court ordered Fiola-Esquilin to respond on or before April 8, 2016, but Fiola-Esquilin failed to do so. Id.

**II.     Standard of Review**

As courts of limited jurisdiction, federal courts must resolve questions related to their subject-matter jurisdiction before addressing the merits of a case. Destek Grp. v. State of N.H. Pub. Utils. Comm'n, 318 F.3d 32, 38 (1st Cir. 2003). The party asserting federal jurisdiction has the burden of proving its existence. Viqueira v. First Bank, 140 F.3d 12, 16 (1st Cir. 1998). If the Court concludes at any time that it lacks the statutory or constitutional power to adjudicate the case, it must dismiss the action, even if a party does not challenge it. Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006).

Federal Rule of Civil Procedure 12(b)(1) offers the appropriate mechanism for challenging a court's subject-matter jurisdiction. Valentín v. Hosp. Bella Vista, 254 F.3d 358, 362 (1st Cir. 2001). Nevertheless, when a party raises the issue of subject-matter jurisdiction in

a motion for summary judgment, "the Court can still consider the motion, but as a motion to dismiss." Rivera Sanchez v. MARS, Inc., 30 F. Supp. 2d 187, 190 (D.P.R. 1998); see also FDIC v. Perez, 225 F. Supp. 3d 104, 105 (D.P.R. 2016) ("FDIC's argument is purely jurisdictional. As such, the motion is properly considered under Rule 12(b)(1) of the Federal Rules.").

Rule 12(b)(1) serves as a "large umbrella, overspreading a variety of different types of challenges to subject-matter jurisdiction." Id. at 362-63. A motion to dismiss brought under Rule 12(b)(1) is subject to a similar standard of review as one brought under Rule 12(b)(6). Boada v. Autoridad de Carreteras y Transportación, 680 F. Supp. 2d 382, 384 (D.P.R. 2010) (citing Negrón-Gaztambide v. Hernández-Torres, 35 F.3d 25, 27 (1st Cir. 1994)). The district court must credit the plaintiff's well-pled factual allegations and draw all reasonable inferences in the plaintiff's favor. Merlonghi v. United States, 620 F.3d 50, 54 (1st Cir. 2010) (citing Hosp. Bella Vista, 254 F.3d at 363). However, the Court's inquiry is not necessarily limited to the parties' pleadings, and may include evidence presented in the case. Aversa v. United States, 99 F.3d 1200, 1210 (1st Cir. 1996).

### III. Discussion

#### A. The Administrative Claims Review Process of the Financial Institutions Reform, Recovery and Enforcement Act of 1989

FIRREA governs, among other areas, the FDIC's powers and duties when acting as the receiver of a failed financial institution. Marquis v. Fed. Depository Ins. Corp., 965 F.2d 1148, 1151 (1st Cir. 1992); 12 U.S.C. § 1821(d). As receiver, the FDIC succeeds to all of the rights of the depository institution under receivership. § 1821(d)(2)(A). FIRREA seeks to facilitate the process by which insolvent financial institutions are rehabilitated or liquidated. Acosta-Ramírez v. Banco Popular de P.R., 712 F.3d 14, 18 (1st Cir. 2013). Consistent with this purpose,

**Civil No. 15-1912 (GAG)**

FIRREA requires all parties with claims against the assets of an insolvent financial institution, or with claims arising out of the institution's acts or omissions, to participate in the statute's administrative claims review process. § 1821(d); see Marquis, 965 F.2d at 1151.

Under FIRREA, after being appointed receiver of an insolvent financial institution, the FDIC shall "promptly publish a notice to the depository institution's creditors to present their claims, together with proof, to the receiver by a date specified in the notice." § 1821(d)(3)(B). The notice must be published at least ninety days prior to the date specified in the notice and republished twice, with a month between each publication. Id. Moreover, the FDIC must also mail similar notices to those creditors that appear on the depository institution's books at the time of publication of the notice. § 1821(d)(3)(C). If a claimant's name and address do not appear on the institution's books, the FDIC shall mail a notice within thirty days after discovering the name and address of the claimant. Id. Nevertheless, "[f]ailure to mail the notice . . . will not exempt the claimant from exhausting the administrative process. The statute does not provide a waiver or exception if the notice is not mailed." Maldonado-Vaillant v. FDIC, No. 10-1700, 2011 WL 1545429, at *2 (D.P.R. Apr. 25, 2011).

According to the First Circuit, the bar date must be at least ninety days after the publication of the notice and all claims filed after that are time-barred. Commonwealth Of Massachusetts v. FDIC, 102 F.3d 615, 624 (1st Cir. 1996) (citations omitted). If a claim is filed, the FDIC has 180 days to determine whether it will be allowed or disallowed. § 1821(d)(5)(A)(i). Subsequently, a claimant has sixty days after any notice of disallowance to seek administrative or judicial review of the determination by filing a claim or continuing an action which was commenced prior to the receiver's appointment. § 1821(d)(6)(A)(ii); Reyes v. FDIC, No. 10-1660, 2011 WL 2604762 at *2 (D.P.R. Jun. 30, 2011). "To 'continue' an action

requires some affirmative act by the claimant." Id. at *3 (citing Lakeshore Realty Nominee Trust v. FDIC, No. 91-55-B, 1994 WL 262913 at *1-2 (D.N.H. May 25, 1994); First Union Nat'l Bank of Florida v. Royal Trust Tower, Ltd., 827 F. Supp. 1564, 1567-68 (S.D. Fla. 1993)). Put simply: (1) the FDIC must file notice, (2) the claimant must file a claim with FDIC within 90 days of notice, (3) the FDIC must allow or disallow the claim within 180 days, and (4) if the claim is disallowed, the claimant must seek administrative or judicial review, or continue a prior action, within 60 days.

If a claimant fails to exercise its rights before the end of the sixty-day period, "the claim shall be deemed to be disallowed . . . such disallowance shall be final, and the claimant shall have no further rights or remedies with respect to such claim." 12 U.S.C. § 1821(d)(6)(B). This disallowance deprives the court of subject-matter jurisdiction. Reyes, No. 10-1660, 2011 WL 2604762 at *3 (citing 12 U.S.C. § 1821(d)(13)(D)).

### B. The Claims Against Doral

The FDIC became Doral Bank's receiver in February 2015, and thus succeeded to all the rights of Doral under receivership. (Docket No. 1). After being appointed as receiver, the FDIC promptly published a notice to creditors to present their claims, together with proof, to the FDIC by June 4, 2015. (Docket No. 10-1 at ¶1). The first notice was published at least ninety days prior to the deadline, and republished twice, with a month between each publication, as required by the statute. Id. Although the FDIC has not shown if it mailed the notice to Fiola-Esquilin, this failure does not exempt Fiola-Esquilin from exhausting the administrative process. Moreover, Fiola-Esquilin complied with the deadline and filed a complaint with the FDIC. Id. at ¶2. "Such timely compliance demonstrates that defendants had sufficient notice." FDIC v. Estrada-Colon, 848 F. Supp. 2d 206, 211 (D.P.R. 2012).

**Civil No. 15-1912 (GAG)**

On July 10, 2015, the FDIC issued a Notice of Disallowance of Claim to Fiola-Esquilin. (Docket No. 10-3). The notice mailed to Fiola-Esquilin included the FDIC's reasons for its determination and warned of the consequences of not acting within sixty days. Id. Based on this disallowance, Fiola-Esquilin had sixty days to start a new action or "continue" with the claim that she filed prior to the FDIC's appointment as Doral's receiver. 12 U.S.C.§ 1821(d)(6). The sixty-day period expired on September 8, 2015. During that time frame, Fiola-Esquilin failed to submit any documentation to the FDIC, file a new lawsuit, or take any affirmative action before this Court to continue the case. (Docket No. 8). Thus, given that Fiola-Esquilin failed to exhaust the mandatory process prescribed by FIRREA, the Court finds that it lacks subject-matter jurisdiction to address the case's merits and **GRANTS** the FDIC's motion for summary judgment.

### IV. Conclusion

For the foregoing reasons, the Court **GRANTS** the FDIC's motion for summary judgment at Docket No. 10. Fiola-Esquilin's claim is **DISMISSED WITH PREJUDICE.**

**SO ORDERED.**

In San Juan, Puerto Rico this 30th day of November, 2017.

                                                  */s/ Gustavo A. Gelpí*
                                                GUSTAVO A. GELPI
                                                United States District Judge